IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FIDELITY & DEPOSIT COMPANY OF MARYLAND, as subrogee and assignee of TOPPS MECHANICAL, INC., | ) ) ) ) | 8:12CV70 |
| Plaintiff, | ) ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| CASEY INDUSTRIAL, INC., and SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) ) | |
| Defendants. | ) | |

   Plaintiff has filed a motion for reconsideration (filing 122) of that portion of the court's memorandum and order of March 19, 2014 (filing 95), in which a motion for partial summary judgment filed by Defendant Casey Industrial, Inc. (Casey), (filing 63) was granted in part.[1] The court dismissed with prejudice Count III of Plaintiff's complaint, together with those portions of any other counts involving an alleged scope growth in cold small bore (CSB) piping. Plaintiff's motion will be denied.

   Plaintiff claims to have newly discovered evidence, in the form of deposition testimony obtained subsequent to March 19, 2014, which indicates that Black and Veatch, Inc. (B&V), and Casey reached an agreement in October 2008 whereby Casey would be provided additional compensation to cover uncertainties associated with CSB piping quantities. Plaintiff claims this evidence provides support for its argument that the subcontract Casey and Topps Mechanical, Inc. (TMI), entered into in December 2008 was not a final agreement concerning TMI's compensation for CSB piping work, and that the parties intended to enter into a separate agreement for

---

   [1] The March 19, 2014 memorandum and order contains an extensive discussion of Plaintiff's claims and of the evidence submitted in support of and in opposition to Casey's motion for partial summary judgment, which will not be repeated herein.

such work at a later date. Plaintiff contends a February 2009 email that B&V sent to Casey, and that Casey then forwarded to TMI for comments, reflects such a separate agreement. The court previously determined that such email "does not show there was an agreement between Casey and TMI for additional compensation for CSB piping" (filing 95, at 22 n. 6).

The Eighth Circuit has "determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'" *Nelson v. American Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (quoting *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006)). "A party is entitled to relief under Rule 60(b)(2) from an order of summary judgment where (1) the evidence was discovered after the summary judgment hearing; (2) the moving party exercised due diligence to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new hearing considering the evidence would probably produce a different result. *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1535 (8th Cir. 1996).

While the deposition testimony upon which Plaintiff relies was not available when the court ruled on Defendant Casey's motion for partial summary judgment, Plaintiff has not shown that it exercised due diligence to discover the evidence. The identities of the deponents were known to Plaintiff at the time the motion for partial summary judgment was filed, but Plaintiff did not file a motion under Rule 56(d) to permit their depositions to be taken before Plaintiff was required to respond. In any event, consideration of the newly discovered evidence would not have changed the court's ruling. Accordingly,

IT IS ORDERED that Plaintiff's motion for reconsideration (filing 122) is denied.

January 28, 2015.          BY THE COURT:

                           s/ *Richard G. Kopf*
                           Senior United States District Judge